# 𝕽𝖎𝖈𝖍𝖒𝖔𝖓𝖉

### JOSEPH RHODES v. COMMONWEALTH OF VIRGINIA.

December 6, 1943.

Record No. 2738.

Present, Campbell, C. J., and Hudgins, Gregory, Eggleston and Spratley, JJ.

The opinion states the case.

*William Davis Butts,* for the plaintiff in error.

*Abram P. Staples, Attorney General,* and *Edwin B. Jones, Assistant Attorney General,* for the Commonwealth.

GREGORY, J., delivered the opinion of the court.

Joseph Rhodes was charged in a warrant with unlawfully threatening to do bodily harm to an officer while in the performance of his duties and with having in his possession ammunition and a pistol. He was found guilty and his punishment fixed by the court at a fine of $20.00.

The record discloses that the accused was prosecuted under Code, section 4525 (Michie). This section prescribes the punishment of one who is found guilty of obstructing justice by threats or force. It reads as follows:

"If any person, by threats, or force, attempt to intimidate or impede a judge, justice, juror, witness, or an officer of a court, or any sergeant, constable, or other peace officer or any revenue officer, in the discharge of his duty, or to obstruct or impede the administration of justice in any court, he shall be deemed to be guilty of a misdemeanor."

It is contended by the Commonwealth that the accused violated the statute by making threats against Thomas Cole, a county officer. The facts are not in dispute. The accused testified that while proceeding in his car from his work to his home, at one o'clock in the morning, he was confronted in the road by three white men in another car, who "jammed" his car. He backed his car out but before he could do so, they shot at him three times. He finally escaped and hid. Some twenty minutes later he was at home.

County officer Cole and a State policeman, soon after the accused reached his home, went upon the premises and knocked very hard upon the front door. The accused testified that he thought the same three white men, who had shot at him a few minutes before, were at his door for the purpose of doing him harm. The county officer testified that when asked who was at the door, he replied "County officers", and then he heard the accused say he was "going upstairs, get his gun and get rid of them". He did not testify regarding any charge against the accused or that he

had a warrant for his arrest and had come to execute it. He did not tell the accused the purpose of his visit.

The record does not disclose that the accused was wanted for any offense. It is true the officer said he had a warrant but he did not make this fact known to the accused. If he had a warrant, he did not say whether it was a civil warrant or a criminal warrant. The record does not show that he served a warrant on the accused at the time of the arrest.

The evidence does not disclose that, at the time the alleged threat was made, the accused knew or had reason to believe that officers were at his door. On the other hand, it was natural for him to think that the knock on the door came from the three white men, who had, a short time before, accosted him in the road.

The accused went upstairs but did not get a gun. He said that when he discovered that officers were at the door, he came downstairs and opened the door. When arrested, he had no gun but did have shells in his pocket.

The conduct of the accused, under the circumstances, as a matter of law, was not inconsistent with his innocence. The evidence fails to establish a violation of the statute. The judgment is reversed and the warrant dismissed.

*Reversed and dismissed.*